**In the Matter of JACK'S CLUB & HOTEL, Inc., Bankrupt.**

**No. 2112.**

United States District Court
D. Puerto Rico.
San Juan Division.

Dec. 27, 1956.

Jose Quiñones Elias, Santurce, P. R., for petitioner Julio C. Galiñanes.

Jose A. Suro, San Juan, P. R., for the trustee.

Rafael Martinez Alvarez, Jr., San Juan, P. R., for the bankrupt.

RUIZ-NAZARIO, District Judge.

This action is now pending before the Court on a petition for review filed by Julio C. Galiñanes, a creditor of the bankrupt's estate, against an order entered by the Referee on September 4, 1956, denying the reconsideration of his order of June 6, 1956, allowing said creditor's claim as a common or unsecured claim.

From the record it appears that on January 23, 1950 Jack's Club & Hotel, Inc., the bankrupt herein, executed a chattel mortgage in favor of Lucila Colon Torres, to secure a promissory note in the principal amount of $3,000 payable on January 23, 1951 and bearing interest at the rate of 9% per annum, said interest payable at the expiration of each month. The note which is literally copied in the chattel mortgage document and appears attested before Notary Francisco Fernandez Cuyar is signed, exclusively, by Jack's Club and Hotel, Inc., through its President, Jack Bolivar. It does *not appear signed by the petitioner Julio Galiñanes, either as surety or in other capacity whatsoever*, nor does it bear any other signature besides the one of Mr. Jack Bolivar, as president of Jack's Club & Hotel, Inc. and that of the attesting notary. There is nothing in

the text of the note or in the chattel mortgage document, indicating that any other person, either as co-maker, co-debtor, or surety, may have any liability or interest thereon.

On March 19, 1956, Mr. Galiñanes filed before the Referee a proof of claim, as *a common or unsecured creditor* for the amount of $3,000 alleging that the above mentioned debt was evidenced by a promissory note, and that the claim was filed in his name and not in the name of Lucila Colon Torres, actual creditor on said note, because Galiñanes was an indorser of the note and said creditor had not filed any claim whatsoever demanding its payment.

This he was entitled to do under Sec. 57, sub. i of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. i.

To this claim Mr. Galiñanes attached an alleged copy of the promissory note referred to in his proof of claim.

The main text of this note up to and including the notarial attestation coincides with the text of the note copied in the chattel mortgage. However, the former contains additional subsequent endorsements *which do not in any way appear in the latter*.

All the aforesaid endorsements *not contained* in the promissory note which was copied in the chattel mortgage document as being secured by the chattel mortgage, appear, in the alleged note attached to the proof of claim, as being made beginning on *January 23, 1951*, i. e., after the promissory note and chattel mortgage had become due, and continuing on January 23, 1952, January 23, 1953, January 23, 1954, and January —, 1955. It is in these additional 1951, 1952, 1953, 1954, and 1955 endorsements, made after the promissory note and chattel mortgage had matured, that Mr. Galiñanes' signature as an alleged endorser thereof appears for the first time.

It does not appear that the chattel mortgage and the registration thereof were at any time amended to give public notice of these subsequent endorsements by Mr. Galiñanes and of whatever rights or liabilities he may have had thereunder.

On March 27, 1956, i. e., eight days after he filed his claim as a common or unsecured creditor, Mr. Galiñanes filed with the Referee a paper entitled "Motion for Payment of Amounts due on Chattel Mortgage to Secure Creditor." In this motion he made reference to his prior proof of claim and requested that it be considered a secured claim because of the execution of the chattel mortgage above referred to in favor of Lucila Colon Torres, and requested that, because of the public sale of the mortgaged chattels which had been already made by the trustee in these proceedings, the trustee be ordered to pay his claim. This motion was not at any time pressed for hearing or decision by said creditor.

Moreover, two months later, i. e., on May 1, 1956, Mr. Galiñanes filed an amended proof of claim as a common or unsecured creditor, increasing his original claim in the additional sum of $250, for attorney's fees plus interest on the $3,000 of principal.

On June 6, 1956, the referee *allowed* this amended proof of claim, *as a common unsecured claim*, for $3,000 principal, plus interest to the date of filing of these proceedings, and $250 for attorney's fees.

On July 1, 1956, said creditor filed a motion asking that his claim be allowed as a secured claim and that the trustee be ordered to pay it in full. He attached to said motion the duly registered chattel mortgage document discussed hereinabove.

Said motion was considered by the Referee as a petition for reconsideration and was denied by his order of September 4, 1956, under review herein.

It is conceded that the Referee denied this motion because it was untimely filed under Section 39, sub. c of the Act, 11 U.S.C.A. § 67, sub. c.

I agree with the Referee's findings of fact contained in his certificate on the petition for review, as well as with his comments in connection with Mr. Gali-

ñanes' interest in the affairs of the bankrupt as an officer and director thereof until a few months before these proceeding were initiated.

It is incredible that he did not know earlier about the execution of the chattel mortgage.

He has in no way explained why the promissory note secured by the chattel mortgage did not bear his endorsement as an alleged surety, and why the copy of said note he attached to his original proof of claim of March 19, 1956, differs from said original note, in that it contains several yearly subsequent endorsements not noted in the former and made after it had already matured.

Further, Mr. Galiñanes has not established his right to be subrogated in the chattel mortgage.

He was not a party to the original promissory note secured by it, nor to the chattel mortgage document.

Under the laws of the Commonwealth of Puerto Rico, subrogation cannot be presumed, except in the cases provided by said laws. Title 31 L.P.R.A. § 3247.

The situations under which subrogation may be presumed under said laws are set out in Section 3248, Title 31 L.P.R.A.

Mr. Galiñanes does not fall within any of the categories therein specified.

He is not a creditor who *has paid* to another preferred creditor; nor one *who has paid* with the express or implied approval of the debtor, nor one who, because of his interest in the fulfillment of the obligation may have already paid it.

Neither does Mr. Galiñanes fall within the provisions of Sec. 3249, Title 31 L.P.R.A.

His petition for reconsideration was not only untimely, but without merit.

The Referee's findings of fact are hereby adopted by the Court.

Therefore, the petition for review of Julio C. Galiñanes must be, and is hereby denied.

It is so ordered.